UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| BRIAN E. CONNELL, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | No. 1:16-cv-00591-WTL-MJD |
| ) | |
| DUSHAN ZATECKY, ) | |
| ) | |
| Respondent. ) | |

**Entry Dismissing Action and Directing Entry of Final Judgment**

**I.**

The question presented by this action for habeas corpus relief brought by Brian Connell, a state prisoner, is whether the prison disciplinary proceeding he challenges is tainted by constitutional error. Having considered the pleadings and the expanded record, and being duly advised, the Court finds that the challenged disciplinary proceeding is free from constitutional error and that the petition for writ of habeas corpus must therefore be **denied.** This conclusion rests on the following facts and circumstances:

1. While confined at the Pendleton Correctional Facility on August 25, 2015, Connell was charged with misconduct in No. ISR 15-08-0089 by assaulting another offender, Robert White, on August 23, 2015 at 10:00 p.m.. Connell was notified of the charge and of his procedural rights prior to the hearing on September 1, 2015. He attended the hearing and made a statement concerning the charge. The hearing officer considered Connell's statement, together with the other evidence, and found Connell guilty and imposed sanctions. The severity of the misconduct was later reduced, but even the modified sanctions still involved the loss of earned good time.

2.　　　Connell seeks relief pursuant to 28 U.S.C. § 2254(a). "[I]n all habeas corpus proceedings under 28 U.S.C. § 2254, the successful petitioner must demonstrate that he 'is in custody in violation of the Constitution or laws or treaties of the United States.'" *Brown v. Watters,* 599 F.3d 602, 611 (7th Cir. 2010) (quoting 28 U.S.C. § 2254(a)). Prisoners in Indiana custody may not be deprived of good-time credits, *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004), or of credit-earning class, *Montgomery v. Anderson,* 262 F.3d 641, 644–45 (7th Cir. 2001), without due process. The due process requirement is satisfied with the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill,* 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 570–71 (1974).

3.　　　Applying the requirements of *Wolff* and *Hill* as an analytical template, Connell received all the process to which he was entitled. That is, the charge was clear, adequate notice was given, and the evidence was sufficient. In addition, (1) Connell was given the opportunity to appear before the hearing officer and make a statement concerning the charge, (2) the hearing officer issued a sufficient statement of his findings, and (3) the hearing officer issued a written reason for the decision and for the sanctions imposed.

4.　　　Connell's claims that he was denied the protections afforded by *Wolff* and *Hill* are without merit.

> a.　　　His challenge to the sufficiency of the evidence lacks merit for the reasons just explained. In this setting, evidence is constitutionally sufficient if it "point[s] to the accused's guilt," *Lenea v. Lane, 882* F.2d 1171, 1175 (7th Cir. 1989), and that the decision "not be arbitrary or without support in the record." *McPherson v. McBride,* 188 F.3d 784, 786 (7th Cir. 1999); *see also Hill*, 472 U.S. at 457 ("The Federal Constitution does not require evidence that logically precludes any conclusion but the one reached by the disciplinary board."). Although Connell denied responsibility for the assault, it was up to the hearing officer to decide any issue of credibility, *Scruggs v. Jordan*, 485 F.3d 934, 939

(7th Cir. 2007), and this Court cannot now reweigh the evidence. *McPherson,* 188 F.3d at 786 (in reviewing a disciplinary determination for sufficiency of the evidence, "courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke good time credits has some factual basis"). The evidence in No. ISR 15-08-0089 was constitutionally sufficient as to all components of the offense Connell was found to have committed.

b.    Connell's claim that he was deprived of the opportunity to call witnesses when prison authorities rejected his demand for Robert White's written statement lacks merit. This is because due process in this context did not entitle him to confront and cross-examine adverse witnesses. *Piggie v. Cotton,* 342 F.3d 660, 666 (7th Cir. 2003); *Brown-Bey v. United States,* 720 F.2d 467, 469 (7th Cir. 1983) ("Confrontation and cross-examination of witnesses in the context of a prison disciplinary proceeding are matters left to the sound discretion of prison officials.").

c.    Connell's remaining claim is that he was denied the lay advocate of his choice. Even if there is a factual basis for this claim, however, this did not violate any right required by due process. *Wilson-El v. Finnan*, 263 F. App'x 503, 506 (7th Cir. 2008)("due process does not require that prisons appoint a lay advocate for a disciplinary hearing unless 'an illiterate inmate is involved . . . or where the complexity of the issue makes it unlikely that the inmate will be able to collect and present the evidence necessary for an adequate comprehension of the case.'") (quoting *Wolff,* 418 U.S. at 570).

5.    "The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceeding, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Connell to the relief he seeks. Accordingly, his petition for a writ of habeas corpus must be **denied**.

## II.

Judgment consistent with this Entry shall now issue.

IT IS SO ORDERED.

Date: 10/3/16

*William T. Lawrence* (signature)

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

All electronically registered counsel

BRIAN E. CONNELL
890436
PENDLETON CORRECTIONAL FACILITY
Electronic Service Participant – Court Only